*444
 
 The case being held for some days under advisement, the chief justice now delivered the opinion of the court to the following effect:
 

 McKean, Chief Justice.
 

 It is unnecessary at this time to determine, whether the plaintiff might have instituted an action of covenant, or deceit, in order to obtain a redress of the wrong which he has sustained ; for we think it is sufficient for his purpose, that an action of
 
 assumpsit
 
 for money had and received to his use, has been brought; and that, to maintain this action, he may give in evidence, that the defendant got his money by mistake, imposition or deceit. To prove the alleged mistake, imposition or dece^’ *c^ee^-s or °tiber writings, which are not the immediate foundation -I of the suit, but only leading to it, may be read. We are all, therefore, of opinion, that a new trial ought not to be granted.
 

 Judgment for the plaintiff,
 
 (a)
 

 (a)
 

 In Weaver v. Bentley, 1 Caines 48, Judge Livingston is reported to have said, “ The case of D’Utricht v. Melchor, 1 Dall. 428, cannot be law.” The majority of the court, however, differed in opinion from Judge Livingston, upon the principle of that case, and held, that
 
 assumpsit
 
 would lie, to recover back the consideration paid on a sealed agreement, the defendant having failed to perform his part; and it is believed that D’Utricht v. Melchor, which is said by Judge Yeates (in Ritchie v. Summers, 3 Yeates 539), to be “imperfectly reported,” may be supported as an authority, if the assertion of the same learned judge, in a later case (Dorsey v. Jackman, S. & R. 51), be correct, viz., that it “was determined upon the ground of fraud and imposition.” Chief Justice Tilguman, in the case last referred to (p. 48), instanced “fraud or deception,” as furnishing an exception to the rule, that money could not be recovered back, and such, according to Judge Yeates (in Steinhauer v. Witman, 1 S. & R. 447), is the settled law. See also Mathers v. Pearson, 13 S. & R. 258; Landis c. Urie, 10 Id. 316; Charles v. Scott, 1 Id. 294.