CITED in *Ackley* v. *Richman*, 5 *Hal.* 304; *Chew* v. *Egbert*, 2 *Gr.* 446; *Shinn* v. *Roberts*, *Spenc.* 444.

## JOURNEY v. HUNT.

1. Where two are bound to convey land, and one of them specially undertakes to obtain a deed, an action lies against him singly for the breach of this undertaking.

2. An action may be supported on an undertaking that land agreed to be sold shall be as good grass land as any in the State of New Jersey.

3. An action may be brought on a false and fraudulent representation on a sale of real estate.

4. The state of the case amendable by the recollection of the judge who tried the cause.

This was an action brought by Journey against Hunt, which was tried at Essex Nisi Prius, in September, 1793, before Smith and Chetwood, justices.

The plaintiff's declaration contained five counts—1st. On a special agreement, which stated all the circumstances of his case ; that an agreement was made in 1790, by which plaintiff undertook to pay defendant £200, when defendant should procure and deliver him a good deed or patent for eight thousand acres of land, lying on the middle fork of the Monongahela river, in the State of Virginia, which should be good grass land, [236] equal, if not superior, to any in the State of New Jersey, and should be the land that one Joseph Friend bought of Col. Edward Jackson. Averment that defendant did not procure and deliver the patent which had been agreed for, whereby the land was of little or no value to the plaintiff; and that it was not good grass land, equal, if not superior, to any in the State of New Jersey, but was poor and mountainous, whereby the land was of little or no value to plaintiff. 2d count laid the agreement as before,

averring, however, a breach only in regard to the quality of the land. 3d count laid the agreement that the land should be of the quality as in the first count, and a breach. 4th count, for £200, had and received to the use of the plaintiff. 5th count, £200 paid, laid out and expended for the use of defendant.

The defendant pleaded the general issue.

The court overruled a motion for a non-suit, and left the case with the jury, who found for the plaintiff.

A rule was obtained by the defendant to show cause why the judgment should not be arrested, a non-suit entered, or a new trial had. The case was argued by *R. Stockton* and *Aa. Ogden*, for the rule, and by *Williamson* and *Ab. Ogden* against it.

For the rule, it was contended that, by the testimony of Halsted, the principal witness to the whole of the transaction, it appeared that the property was originally contracted to be sold by Ralph Hunt and Daniel Hunt to the plaintiff, who were jointly interested in it. That, although Halsted swore that Daniel Hunt, the defendant, had himself, in the absence of Ralph, undertaken that he would obtain the deed, and that the land was of a certain quality, still this did not vary or annul the former written agreement, which still existed. The plaintiff having declared on a special agreement, must make it out by proof. Here a contract is declared on as made with D. Hunt; the proof given is of one to which R. Hunt was equally a party.

This was the only evidence to the contract which was adduced on the trial, and the verdict is therefore against evi-[237]-dence, which is a sufficient ground for granting a new trial. The justice of the case is clearly with defendant; the plaintiff has the land for which he contracted, and if this verdict is to be supported, he will have both that and the money.

Another ground upon which the application for a new trial should be allowed by the court is, that the contract for the

purchase of this land was originally made with the two Hunts, and the representation which is the ground of this action was not made until afterwards. The agreement had been concluded, and therefore the defendant could have sustained no injury from its not corresponding with the truth, if the fact were so. This appears to be the law from the case of *Roswell* v. *Vaughan*, *Cro. Jac.* 196; *F. N. B.* 98, *I.;* 1 *Com. Dig.* 238.

There is no mutuality in such an agreement, no consideration. No benefit arises to the one party, no injury to the other. After a man has bought land, it is a matter of no consequence what representations are made as to its value; it may prove a disappointment, but can hardly constitute a ground for an action. 1 *Com. Dig.* 411.

In arrest of judgment it was contended that upon this declaration and verdict no judgment could be given by the court. If one count be bad it vitiates the whole. *Peake* v. *Oldham*, *Cowp.* 275.

No action can be sustained on such a warranty as stated in the third count. It relates to a thing *in futuro,* and should therefore be under seal. *Pope* v. *Lewyns*, *Cro. Jac.* 630; 1 *Com. Dig.* 238, 245.

It is uncertain and nugatory. How is it to be ascertained whether the quality of the land is equal to any in the State of New Jersey? A representation of this kind is too vague and general.

The purchaser ought in every case, more especially when the representation is couched in such ambiguous and general words, to satisfy himself of the quality of the land by previous inquiry or personal examination. The maxim of *caveat emptor* is a just and valuable one, and its application to a case like the present cannot be considered harsh or iniquitous. *Bayley* v. *Merrell*, *Cro. Jac.* 386.

[238] Finally, it is extremely questionable whether an action can be sustained for a misrepresentation as to real property. There is no case in which a suit has been main-

Journey v. Hunt.

tained on a false affirmation as to the value or quality of land. *Chandeler* v. *Lopus, Cro. Jac.* 4; *Yelv.* 20; 1 *Levinz* 102.

*Williamson* and *Ab. Ogden, contra.* It is contended as a ground for entering a non-suit in this case, that the action is brought against one, upon a joint contract. This, however, if erroneous, should have been taken advantage of by plea in abatement. It is cured by pleading in bar. *Abbot* v. *Smith*, 2 *Bl. Rep.* 947 ; *Lofft* 82. See *Kirby* 77, *Bradley* v. *Camp.* But there is no proof the contract was a joint one. The original sale of this property was made by the two Hunts ; but the plaintiff had a legal right to rescind it on his part, because the conditions had not been complied with by the other parties ; and he would have exercised this right, and annulled the whole agreement, but that the necessity of doing so was superseded by the express undertaking of the defendant. It is a subsequent contract, altogether independent of the first, which, however, in order to explain the nature of the transaction, it became necessary to give in evidence.

It is said that the court will grant a new trial because the justice of the case is with the defendant. This ground, however, has not been made out. The contract was for good grass land on the Monongahela river, and we have been put in possession of rocky, and in many places untillable land, on Tiger Valley river, inferior both in quality and situation. The payment of the whole consideration money was proved ; and as the jury have not found a verdict for the whole, it is presumable they gave the sum which, in their opinion, was the difference in the value of the two tracts. This they had a right to do ; and this, after the testimony that was heard, they were competent to decide upon. The granting of new trials is discretionary with the court; and where justice ap-[239]-pears to be done, they will not interfere with the verdict. 2 *Morg. Ess.* 95, 100 ; *Edmondson* v. *Machell*, 2 *T. R.* 4.

With regard to the application to arrest the judgment, the grounds upon which courts are warranted in exercising this

power, are stated in 3 *Bl. Com.* 393, 394. None of these reasons apply. The action is properly brought agreeably to the modern practice, according to which, an action on the case is now usually brought, where, formerly, an action of deceit was considered as the proper remedy. 3 *Bl. Com.* 165*; *Stuart* v. *Wilkins, Dougl.* 18.

The case of *Pasley* v. *Freeman*, 3 *T. R.* 51, is conclusive that an action may be brought on a false affirmation with regard to land.

KINSEY, C. J.

In arguing the motion for a non-suit, we were desired, by the counsel, to fix our attention upon the third count in the declaration, which, in substance, is that Hunt, the defendant, in consideration that Journey would buy of him eight thousand acres of land for £200, promised that the land should be good grass land, and should bear grass equal, if not superior, to any land in the State of New Jersey. The breach assigned is, that it was not good grass land, and would not bear grass equal, if not superior, to any in New Jersey.

It has been contended that the proof was variant from the declaration. In the latter, the contract is said to have been made with Daniel, while the testimony shows that it was made with Daniel and Ralph Hunt; that the agreement is open and subsisting, and declared upon as such, for which reason the plaintiff is precluded from availing himself of the general count of *indebitatus assumpsit.* Halsted's parol testimony ought not to weigh against the written testimony. Both undertook to procure the deed ; the release of his claim upon the land afterwards tendered by Journey, was made to both ; the note for the purchase money was made to both, and the plaintiff, having declared upon a contract with [240] one, the error is fatal, and he cannot recover. 3 *T. R.* 64; *Dougl.* 23; 1 *T. R.* 133; 4 *T. R.* 314; *Bull. N. P.* 145, 168, 169, 186, are confirmatory of these general propositions.

There does not, however, appear sufficient ground to say that the declaration and the testimony, the *probata* and the *allegata*, are variant. Admitting that a contract subsisted

with both the Hunts, or was originally made with them jointly, it appears, fully, that some difference existed respecting the completion of that contract, to end which, Daniel, the now defendant, did himself, in the absence of Ralph, under-take and engage to procure Journey a deed, and that there should be no deception in the business. On the faith of this agreement, which is fully substantiated by the evidence, Journey gave a note for the payment of the residue of the consideration money. We cannot perceive the inconsistency contended for. There may have been, and undoubtedly was, a contract with both, but it is evident that there was also a separate contract with Daniel, and this must have been the opinion of the jury. See *Clark* v. *Holmes*, 3 *Johns.* 148.

I also think Journey not debarred by his special count from recovering upon the general *indebitatus assumpsit*. It appears that he made a tender of a release; this, if there was any fraud in the original contract, amounted to an annulling of it, and, after a verdict, we are to presume such was the opinion of the jury. The cases, therefore, from *Douglass* and *Term Reports*, as to the incapacity of pursuing this remedy while there is an open and subsisting contract, are inapplicable.

On the application for a new trial, it is said the verdict was against the weight of evidence; the written testimony should have outweighed that of Halsted; that the jury misconceived the case in believing that, by their verdict, Journey would have the money and Hunt the land, whereas the plaintiff has both.

As to the first part of this objection, the remarks which have just been made are applicable to it. The observations re-[241] lative to the mistake of the jury, are without any weight. The defendant refuses the release, and then complains that he has not the land. With regard to the weight of evidence, the justices who tried the cause do not declare themselves dissatisfied with the verdict, and upon the principle of *Ashley* v. *Ashley*, 2 *Str.* 1142, a new trial ought not to be granted.

It has been objected the declaration is bad, because an un-

dertaking that the land should bear as good or bette; grass than any land in New Jersey, is too vague and indefinite to support an action. A parol promise that such seed will grow on land, does not bind. 1 *Com. Dig.* 239. It has also been contended as at least doubtful whether any representation relative to real property, will sustain an action. *Harvey* v. *Young, Yelv.* 20; *Lev.* 102; *Cro. Jac.* 4; and that a warranty should be made at the time of sale. 1 *Com. Dig.* 238. The cases in *Godb.* 216; 1 *Roll.* 20; *T. Ray.* 400, impugn this idea.

We should regret very much to be obliged to say that no representation relating to real estate, however false and fraudulent, will support an action. The contrary has been held in Pennsylvania. (a) I think that for fraud, in the sale of either real or personal estate, an action lies.

On the whole, we see nothing on which we can grant either of these motions.

Motions denied.

(a) Perhaps his Honor referred to the case of *Dutricht* v. *Melchor,* 1 *Dall.* 428. See *Sherwood* v. *Salmon,* 2 *Day* 128.

NOTE.—Williamson had objected to the statement of the case, and wished it amended by the introduction of a circumstance which was not contained in the notes of the justices at Nisi Prius, but which Smith, J., recollected. It was done accordingly on the authority of 1 *Salk.* 47; 1 *Str.* 513; *Cro. Car.* 338.

