Kinsey C. J.
In arguing the motion for a nonsuit, we were desired by the counsel to fix our attention upon the third count in the declaration, which in substance is, that Hunt the defendant, in consideration that Journey would buy of him 8000 acres of land for -£300, promised that the land should he good grass land, and should bear grass equal if not superior to any land in the state of Nezv-Jersey: — the breach assigned, is, that it was not good grass land, and would not hear grass equal if not superior to any in New-Jersey.
It has been contended that the proof was variant from the declaration! in the latter the contract is said to have been made with Daniel, while the testimony shows that it was ma l with Daniel and Ralph Hunt. That the agreement is op - j id subsisting, and declared upon as such; for which reason the plaintiff is precluded from availing himself of the general count of indebitatus assumpsit. HahtecPs parol testimony ought not to weigh against the written testimony:— both undertook to procure the deed, — the release of his claim upon the land akerwards tendered by Journey was made to both, — the note for the purchase money was made to both, — and the plaintiff having declared upon a contract with *240 one tbe error is fatal and he cannot recover. 3 T. R. 64. Dougl. 23. 1 T. R. 133. 4 T. R. 314. Bull. N. P. 145, 168, 169, 186. are confirmatory of these general propositions.
There does not however appear sufficient ground to say that the declaration and the testimony, the probata and the allegata are variant. Admitting that a contract subsisted with both the Hunts, or was originally made with them jointly, it appears fully that some difference existed respecting the completion of that contract; to end which Daniel the now defendant did himself, in the absence of Ralph, under., take and engage to procure Journey a deed, and that there should be no deception in the business. On the faith of this agreement which is fully substantiated by the evidence, Journey gave a note for the payment of the residue of the consideration money. We cannot perceive the inconsistency-contended for: there may have been, and undoubtedly was a contract with both; but it is evident that there was also a separate contract with Daniel, and this must have been the opinion of the jury, (a)
I also think Journey not debarred by his special count from recovering upon the general indebitatus assumpsit. It appears that he made a tender of a release, this if there was any fraud in the original contract amounted to an annulling of it; and after a verdict we are to presume such was the opinion of the jury. The cases therefore from Douglass and Term Reports, as to the incapacity of pursuing this remedy while there is an open and subsisting contract are inapplicable:
On the application for a new trial it is said the verdict was against the weight of evidence; the written testimony should have outweighed that of Hoisted-,that the jury misconceived the case in believing that by their verdict Journey would have the money and Hunt the land, whereas the plaintiff has both.
As to the first part of this objection, the remarks which have just been made are applicable to it. The observations *241 relative to die mistake of the jury are without any weight. The defendant refuses the release, and then complains that lie has not the land. — With regard to the weight of evidence, the justices who tried the cause do not declare themselves dissatisfied with the verdict, and upon the principle of Ashley v. Ashley (a) a new trial ought not to he granted.
Note. Williamson had objected to the statement of the case, and wished it amended by the introduction of a circumstance which was not contained in the notes of the Justices at nisi ftriuss but which Smith J. recollected, it was done accordingly on the authority of 1 Salk 47. 1 Str. 513. Cro. Car. 333.
It has been objected the declaration is bad, because an undertaking that the land should bear as good or better grass than any land in New-jersey, is too vague and indefinite to support an action. A parol promise that such seed will grow on land does not bind. 1 Com. Dig. 239. It has also been contended as at least doubtful, whether any representation relative to real property will sustain an action. Harvey v. Young Yelv. 20 Lev. 102. Gro. Jac. 4. and that a warranty should be made at the time of sale. 1 Com. Dig. 238. The cases in Godb. 216. 1 Roll. 20. T. Ray. 400. impugn this idea.
We should regret very much to be obliged to say that no representation relating to real estate however false and fraudulent, will support an action. The contrary has been held in Pennsylvania, (b) I think that for fraud, in the sale of either real or personal estate, an action lies.
On the whole, we see nothing on which we can grant either of these motions.
Motions denied.

 Note. — See Clark v. Holmes 3 Johns. 143.

 2 Str. 1,142.

 Note. Perhaps his honour referred to the case of Dutrichts v. Melchor 1 Dall. 428. See Sherwood v. Salmon, 2 Day. 128.