Kent, J.,
delivered the opinion of the court. The defendant covenanted to procure for the plaintiff within a given time, or on demand thereafter, a lease for certain lands, three years free of rent, then to pay the interest of 160Í annually, for ten years, in lieu of rent, and at the expiration of that period, to have a conveyance of the fee on payment of the principal sum; in default whereof two *notes of sixty pounds each, given by the plain- [*48] to the defendant, were to be void.
The plaintiff made certain payments in money and farm stock to the defendant, who failed to perform his covenant, and the plaintiff thereupon brought assumpsit; and the question now is, whether the action will lie, or the plaintiff be compelled to resort to his covenant.
This case is so loosely drawn that it scarcely affords suffient ground for a decision. It is not stated for what the notes, money or stock were given; presuming them to have been the consideration of the covenant, the question then will be, whether the defendant having failed to perform on his part, the plaintiff may disaffirm the contract and resort to his assumpsit to recover back what he had paid. We are of opinion he had his election either to proceed on the covenant, and recover damages for the breach, or to disaffirm the contract, and bring assumpsit to recover back what he had paid on a consideration which had failed.(a) Judgment, therefore, must be for the plaintiff.
*74 Lewis, Ch. J. Radcliff, J. and Thompson, J. concurred
Livingston. J.
Two questions were submitted to us in this case.
1. Do the terms of the contract import a covenant?
2. Can the plaintiff waive covenant, and bring assumpsit to recover the consideration paid for the land ?
In answer to the first it is only necessary to state, that the defendant “binds himself” under seal to procure for the plaintiff a certain lot of land, and “ promises” to deliver the lease by a certain day. The words “ bind and promise” create a covenant(a) as strong as any which could have been used.
It follows, then, that an action of covenant will lie on the instrument on Bentley’s non-performance, to recover back all that has been paid. When that is the case the party must rely on the security he has taken, there being no necessity for the law to imply a promise different from the one contained in the terms of the contract. Promises in law exist only where there is no express stipulation between the parties; thus in 2 Term Rep. 100.(b) where a surety had taken a bond of indemnity from his principal, he was not permitted to resort to an action of assumpsit for the money he had paid.(c),[1] This is a stronger case, for if the present suit be maintainable for the money paid in consequence of this covenant, I see nothing to prevent the plaintiff from bringing an action on the instrument [*49] «itself, for other damages which may have been sustained by the defendant’s non-performance, and thus *75 subjecting him to two suits for a compensation which might have been obtained in one; for these reasons I think it more safe to adhere to the rule which confines a man ta the security he has taken, than to depart from it, merely because the merits may be with the plaintiff. The case of D'Utricht v. Melchor, 1 Dall. 428, cannot be law. In my opinion there should be judgment for thp defendant.
Judgment for the plaintiff.

 But observe, this action cannot be maintained unless the contract on which the money has been paid is at an end. Weston v. Downes, Doug. 23,

 But quœre, whether, on these words, if to pay a debt, covenant would Ee? though it will on “I oblige myself to pay.” Norrice's case, Hard. 178.

 Toussaint v. Martinant.

 In assumpsit the plaintiff cannot give in evidence, a specialty to prove his debt. Moor, 340. If a man recover a debt against another, who pays it, upon which a release is given by the plaintiff, in which he pn mises to discharge the judgment and not sue out execution, which he afterwards does covenant, and not case, must be resorted to. 1 Roll. Abr. 517, A.

 See New York Code of Procedure, secs. 140-3.