## Judson *against* Wass.

THIS was an action of *assumpsit*, brought to recover damages for breach of an agreement for the purchase of land. The agreement was contained in certain terms, or conditions of sale at public auction, which had been subscribed by the defendant, and, subject to which, he had bid for and purchased the land in question. The terms of sale were as follows:

1st. Within seventy-five hours after the sale, each purchaser to pay one fifth of the purchase money, or give an approved note, payable in ninety days with interest.

2d. After such payment made, or note given, *Nathaniel Judson*, (the plaintiff,) and his wife, shall execute and acknowledge [a deed] with warranty of title, to the purchasers, except as to the quit rents, on such lots, as shall be designated at the time and place of sale.

3d. The purchasers shall give a mortgage and bond, to be drawn at their expense, for the remainder of the consideration money, payable in four annual instalments, with interest on the whole, which said mortgage shall be executed by, and acknowledged by the purchaser, and wife, if he has one.

4th. In case of non-compliance by the purchasers with the above conditions, they shall, at the option of Mr. *Judson*, either pay 100 dollars, or in case of resale, to pay the deficiency, together with the expense of the second sale, and of the conveyance and bonds necessary to effect the same.

5. The deeds, notes, bonds, and mortgages to bear date the day of the sale.

The declaration stated, that the defendant purchased, at the sale, lots No. 1, 2. and 27. for 405 dollars, 400 dollars, and 510 dollars, respectively, of which, lots No. 1 and 2. were subject to the annual quit rent of one dollar; that the said quit rents were designated at the time of sale, and that though the plaintiff had been always ready, &c. the defendant did not, convey a title, the defendant was not bound to perform the agreement on his part; that the meaning of the agreement was not merely that the plaintiff should give a deed with warranty, but that he was able to convey an indefeasible title; and that although the mortgage was registered, and the defendant, therefore, had notice of its existence, yet that circumstance was immaterial, for, according to the true construction of the terms of sale, the quit rents were the only incumbrance on the land.

If the vendee has, according to the terms of sale, paid part of the consideration money, and the vendor is unable to convey a good title, the vendee may disaffirm the contract, and recover back the money which he has paid.

*Land was sold at auction to the defendant, who subscribed the terms of sale; which were that a certain part of the purchase money should be paid within seventy-five hours; that a deed should be given by the vendor, with warranty of title, except as to the quit rents in such lots as should be designated; that the purchaser should execute a bond and mortgage for the residue of the purchase money; and that the deed, bond, and mortgage, should bear date on the day of the sale. At the time of sale the premises were mortgaged, and the mortgage had been previously registered, and was still unsatisfied. In an action of assumpsit by the vendor against the purchaser, for a breach of the conditions of sale, it was held, that giving the deed, bond, and mortgage were to be simultaneous acts: that, as the plaintiff was not in a situation to*

NEW YORK, within seventy-five hours, nor since, pay one fifth of the
October, 1814. purchase money, or execute a bond and mortgage for the re-

JUDSON
v.
WASS.

sidue.

The defendant pleaded the general issue, with notice, that he would, at the trial, give in evidence, that the plaintiff, during the time the first instalment was to be paid by the defendant, had no clear, valid, and operative title to the lots sold to the defendant, nor had he since acquired one; and that the plaintiff did not within the time tender a deed, &c.

At the trial, it was proved, that no deed had been tendered to the defendant within seventy-five hours, and it did not appear, that it had, at any time, been tendered to the defendant, although a person, on behalf the of plaintiff, had called at the defendant's house for that purpose; but the defendant had, after the lapse of the seventy-five hours, declared, in conversation, that had the deed been tendered, he would not have accepted it, because, *Douw Fonda* had a mortgage on the land. At the time of sale, no mention was made, by the plaintiff, of any encumbrance on the land, besides the quit rents. The mortgage to *Fonda*, dated prior to the sale, was produced, which was for 9,000 dollars, the first instalment of which was not payable until *January*, 1815. This mortgage was registered in the clerk's office of *Albany* county, the day after it was executed.

[It did not appear from the *case*, when, where, or before whom, the cause was tried; for which party a verdict, if any, was given, or whether the cause came before the court on a case reserved at the trial, or on motion to set aside the verdict.]

*A. Van Vechten*, for the defendant, contended that the contract or covenant, in this case, was dependent; and the paying of the money, giving the note, deed, bond, and mortgage, were all simultaneous acts. This construction he supported by the cases of *Green* v. *Reynolds*,* *West* v. *Emmons*,† *Van Benthuysen* v. *Crapser*,‡ and *Jones* v. *Gardner*.§

The plaintiff, in his declaration, has averred a tender of the deed. This was a material averment, which he was bound to prove, and having failed to do so, he has not supported his declaration. The true construction of such covenants or agreements is, and such is the one established by the court in the cases which have been cited, that where a person agrees to

* 2 *Johns. Rep.*
207.
† 5 *Johns. Rep.*
179
‡ 8 *Johns. Rep.*
257. 260
§ 10 *Johns. Rep.*
266.

convey, he undertakes that he has authority to convey. The plaintiff undertook to give a deed with warranty, except as to the quit rents on a part. Now, the property was, at the time, encumbered by a mortgage for 9,000 dollars, a sum four times greater than what it was sold for. The defendant was not bound to accept a deed for a part.

*A. Townsend,* contra, contended that the covenants were independent.* But supposing they were dependent, the money was to be paid in seventy-five hours, and after that the deed was to be executed, but no particular time was mentioned. The defendant was first to perform his agreement, and there is no proof of any tender of payment on his part. Still, if the first step was to be taken by the plaintiff, he has shown that he did tender a deed with covenants of warranty, &c.

In *Jones* v. *Gardner,* though the court said the covenants were dependent, yet they decided in favour of the defendant, because the plaintiff had not showed a performance of his covenant.

Again, the mortgage was on record, and all persons were bound to take notice of it. The defendant cannot, therefore, object a want of *notice* of the encumbrance, nor refuse a literal compliance with the terms of sale.

* 2 *Johns. Rep.* 272. 287. 6 *Term Rep.* 570. 1 *Saund.* 320. n. 4.

VAN NESS, J. delivered the opinion of the court. There can be no question that the giving of the note, deed, bond, and mortgage, were all to be simultaneous acts. This is the fair construction of the conditions of sale, taking them all together; and many of the cases that have been cited fully support this construction. Even if it were otherwise, as the plaintiff was not in a situation to convey a title, according to the terms of the sale, the defendant was not bound to carry into effect any of the stipulations on his part. It is now well settled that where, by the conditions of sale, the vendee is required to deposite part of the purchase money, and the vendor is unable to convey a good title, pursuant to the articles, the vendee may disaffirm the contract, and recover back his deposite. In every sale, like the present, there is a condition that the purchaser shall not be bound to part with his money, unless the seller is able to give him a title according to the terms of the sale. The reason and policy upon which this doctrine is found-

ed are too well known to need repetition; and an inflexible adherence to it affords the only effectual protection against fraud and imposition upon purchasers at public auction.

By the conditions of sale in this case, the plaintiff stipulated to execute a deed with covenant of warranty, subject to the quit rents on such of the lots as should be designated at the time of the sale. This means, not merely that he will execute a deed containing such a covenant, but that he has the power to give a deed which would carry with it an indefeasible title to the lots, subject to no other encumbrance or charge than that specified in the conditions. (*Clute* v. *Robison*, 2 *Johns. Rep.* 613.) Such a deed the plaintiff was not able to give. The property, at the time of sale, and even down to the time of trial, was under a mortgage to *Fonda*, for a large sum of money. It is said that this mortgage, being registered, the plaintiff must have purchased with full notice of its existence. The question is not whether he knew of the mortgage, but whether, by the terms of the sale, he is bound to pay for the lots with this encumbrance upon them. If it were possible to entertain a doubt on this question, it would be removed by the consideration that the conditions specify the quit rents as the only encumbrance to which the property was subject. I say the *only* encumbrance, because the very mention of the quit rents excludes the idea that there was any other. In every view of this case it is clearly against the plaintiff; and there must be judgment for the defendant.

Judgment for the defendant.