By the Court, Cowen, J.
There was no written authority to Pratt by which Taylor was bound. Had the subject of the contract been personal property belonging to the firm, no special authority would have been necessary; but at law it is otherwise as to land, whatever may be the rule in equity. Out of the court of chancery, real estate, though belonging to partners and employed in the partnership business—the title standing in their joint names—is deemed to be holden by them as tenants in common or joint tenants for all purposes. One cannot, in virtue of the partnership power, sell for the other. (Coles v. Coles, 15 John. Rep. 159, 161; Anderson v. Tompkins, 1 Brock. C. C. R. 456, 463; 2 Bell’s Com. 614; Story on Partnership, 146 to 149.) In order to bind Taylor, therefore, a special authority was necessary for the particular transaction.
If a parol authority was sufficient, I am not prepared to say that here is not evidence of such an authority actually subsisting when the contract was executed. If, after a man has agreed to sell my property and has signed my name, I claim an interest in the sale, it is by no means to be taken for granted that upon such a claim a jury would not be warranted in saying I told the man to affix my signature. It seems the proof of some authority was considered so plain at the trial that the counsel for the defendant declined. going to the jury upon it. In the court of chancery, perhaps the mere partnership in these lands would have been sufficient to render the contract binding on Taylor. ((See Story On Partn. 129 to 132, and the note.) They were treated as partnership property by the contract; and in admitting the validity of that and claiming under it, Taylor in the same breath admitted that the lands belonged to the firm. In *112 equity they would, if in truth belonging to the firm, have been treated as personal estate; {Id.;) and that court without any thing more might have decreed a specific execution by both partners. Such being the equity of the case, it seems to me it would not have been a rash presumption from what Taylor said to Macy and Smith, that Pratt was expressly instructed by Taylor to affix the copartnership name.
It was sufficient, however, if the proof showed a ratification of the sale by Taylor; and I think it showed so much, at least, very clearly. Here was a written contract to convey in the name of the firm, made as of property belonging to it. The plaintiff promised to pay the money to “ Pratt & Taylor,” on a contract to which the name of the firm was subscribed by Pratt. First, $10,000 and afterwards $2000 were received by Pratt on the contract. Of Taylor’s common interest in the land there is no dispute, and he repeatedly claimed in the hearing of third persons, that he had an interest in the contract; a contract under which money had been and was yet to be paid to Pratt in the names of the two as joint payees. This was evidence of a positive acquiescence and adoption of the contract by Taylor; and if there be no objection to such an authority being by parol, both must be considered as joint receivers.
It was said for Taylor that the authority, not being written, was void by the statute of frauds. But neither the New-York nor Ohio statute requires that the authority should be in writing. Both are in this respect like the English statute, which, though it require that an agent to convey real estate should be appointed by writing, omits that requisite when the contract is executory, i. e. to convey at a future day. (2 R. S. 69, 2d ed. §§ 6, 8, 9; Sugd. On Vend. 120, 121, Brookf. ed. of 1836, and the cases there cited ; 3 Wooddes. 428; Story On Ag. 51, and note (2); Lloyd’s Pal. On Ag. 158 to 160; 2 Kent’s Com. 613, 4th ed.) The statute of frauds draws the distinction on its face between conveying, and contracting to convey lands. In the former case the agent must be made by writing; in the latter a writing is not required, but the books all concur that the appointment *113 may be by parol. The Ohio statute, made an exhibit, is thé same in this respect with our own.
An authority, by adopting the transaction, may as well be conferred where the question of agency arises under the statute of frauds, as under the common law. The cases to this effect are cited in Davis v. Shields, (24 Wend. 325.) See also Story On Ag. 240, and the cases there cited. Such adoptive authority relates back to the time of the transaction, and is deemed in law the same to all purposes as if it had been given before. (Story On Ag. 234, § 239; id. 237, § 242.)
If the writing given by the agent be under seal, and that be essential, another rule comes in independently of the statute of frauds. The authority must be of equal dignity, or the contract can not operate. Nor can a specialty executed by attorney operate as such in any case,- unless his power be under seal. (Story On Ag. 50, § 49; 2 Kent’s Com.. 613, 4th ed.) Yet even in such case, it does not follow that it shall not operate at all. If the contract may be made without deed, the seal shall not prevent its enuring as a simple contract, though the authority be by parol, or merely implied from the relation between the principal and agent; as if they be partners. (Story On Partn. 179; Anderson v. Tompkins, 1 Brock. C. C. R. 462, per Marshall, C. J.) This doctrine has no connection with the question of what shall be a sufficient agency under the statute of frauds.
With regard to the acts which are necessary as evidence of a ratification, I take it that those already mentioned are sufficient. Taylor must have known the character of the contract in which he claimed an interest, and that it assumed to run in his and Pratt’s name jointly, as partners. Their other relations in business were very intimate; and in equity, though not at law, they would probably be deemed partners in respect to the land. It seems to have been held by them as a subject of sale; and it may be collected from the case, especially from the letter given in evidence by Taylor, that he had got a very advantageous bargain out of the plaintiff. It would be violating all the' rales of presumption-applicable to cases of this kind,-were" the" *114 inference to be denied that he acquiesced in the bargain most heartily. Pratt held an extensive agency for both, growing out of their partnership concerns; but I do not go over all the various circumstances from which an adoptive agency may be inferred. There are a good many coming in aid of the direct evidence. The value of such circumstances are adverted to in Story On Ag. 248, § 255, 6, 258, 260, where many of them are enumerated. Mere acquiescence or silence is sometimes considered sufficient. In the case before us, Taylor knew of the contract for a long time ; and if he did not mean to join in carrying it into effect, it is strange and scarcely compatible with fairness that he should have entirely omitted to apprise the plaintiff.
The result is, that Taylor must be considered the receiver of this money on joint account with Pratt. Qui facit per alium facit per se. And if the contract has been broken, the action was properly instituted against both, whether it be regarded as resting on the special contract or the implied one for money had and received. It matters not that Taylor may never have personally received any of the money. He must look to Pratt’s estate. According to Coles v. Coles, he may have his action for money had and received in respect to his share of the f 12,000. if the estate does not refund it to the plaintiff.
Taking it, for the present, that the contract was broken by the vendors, I do not stop to inquire whether the plaintiff is entitled to recover on either of his special counts. The breach in the first count is, that no satisfactory title was made out; and in the second, that no abstract was furnished according to one of the stipulations. Either is clearly sufficient under the count for money had and received, if the plaintiff be not in fault. It is entirely settled that one contracting to sell land or chattels who receives a deposit or an advance of purchase money pending the contract, may, if he fail of performance, be made liable either directly upon the contract for damages co vomine; or the vendee may consider the contract as rescinded and sue for the sum advanced as money had and received to his use. The latter action proceeds on what is called a right to disaffirm or rescind *115 the agreement; and in the case mentioned it is matter of election with the vendee whether he will exercise that right, which may be done by simply bringing an action for the money. (2 Phill. Ev. 88, Am. ed. of 1839; Sugd. On Vend. 279, 280, Brookf. ed. of 1836, and the cases there cited.) Beside, the plaintiff here declared the contract at an end, in his letter. Such action is generally brought for the deposit money; but it is equally applicable to any other money advanced at any time on the faith of the agreement. (Farrer v. Nightingal, 2 Esp. Rep. 639, 640, per Ld. Kenyon, C. J. ; Weaver v. Bentley, 1 Cain. Rep. 47.) The action was held to lie in the case last cited, though the agreement (which was to procure a lease) was under seal. Mr. Justice Livingston dissented on account of the seal; but independently of that, none of the judges felt any difficulty. The action was for money had and received; and the plaintiff was allowed to recover in that form of action all his advances, whether of money or stock. (D'Utricht v. Melchor, 1 Dall. 428, S. P.) Where the contract is without seal, the English authorities and those in this court are uniformly in favor cf that remedy. (Judson v. Wass, 11 John. 525, 527, per Van Ness, J.; Gillet v. Maynard, 5 John. 85 ; Raymond v. Bernard, 12 John. 274.)
It is, moreover, most clearly sufficient, according to all the English authorities, as Sugden remarks, (Sugd. On Vend. 280, ed. before cited,) simply to show a want of title in thé vendor. (Judson v. Wass, 11 John. 525, S. P.) There being no title, or a defective title, any precedent condition on the part of the vendee need not be fulfilled, such as tendering a conveyance, payment, or security. (Judson v. Wass, ut supra ; Sudg. On Vend. 300.) How far this doctrine may have been shaken by the recent case of Harrington v. Higgins, (17 Wend. 376,) or other cases decided by this court, (Vide Sage v. Ranney, 2 Wend. 532, 3, 4,) it is not necessary to inquire. I will only say that, to require the performance of a precedent condition in this particular sort of contract, is demanding of the vendee a most idle act; and what would be required in no other case pf a like character. But in the case at bar there was more; viz, a *116 stipulation to furnish an abstract, or what amounted to the same thing, for the information of the plaintiff and his counsel. This was unconditional. It was not done, at least not satisfactorily, and could not be; for a good title was in fact wanting. Under such circumstances I am of opinion that the plaintiff was altogether absolved from his contract.
None of the exceptions appear to have been well taken. On the whole, I think the verdict was right; and that the motion for a new trial must be denied.
Motion denied.