### KERR v. KITCHEN.

Purchase-money, paid under an executed deed, cannot be recovered back for defect in the title, unless there was fraud or warranty; and so of money paid on a ground-rent reserved.

A fraudulent concealment of a defective title cannot be imputed when it appears from deeds on record, especially where such deeds are recited in the title.

Where one joined in a conveyance, as trustee under a recorded deed, having no power to pass the trust-estate, but the deed was accepted, the grantee, though ignorant of the defect in the title, cannot, on tendering a re-conveyance, recover back ground-rent paid under the reservation to the trustee.

IN error from the District Court of Philadelphia.

*April* 10.   Assumpsit to recover back a sum of money paid by plaintiff to defendant on a ground-rent reserved in a conveyance between them, and also the amount paid for taxes.

It appeared that J. Kitchen devised his estate equally among his wife and five children.   In 1828, Henry, one of the children, with his wife, conveyed his estate to his mother in fee, who about the same time conveyed the same to Dr. James Kitchen in trust for the separate use of the wife of said Henry, remainder to his children.   These deeds were recorded.   In 1839, the devisees of J. Kitchen, excepting Henry, with Dr. James Kitchen, trustee under the deed above mentioned, conveyed the lot in question to Kerr, the plaintiff, on ground-rent, with covenant for quiet enjoyment against all parties to the deed.   In this deed the settlements, in 1828, by Henry, together with the place of their registry, were recited.

The plaintiff proved the payment of the ground-rent and taxes, and gave evidence that the defect in the title, (there being no power given by the settlement to the trustee to convey,) was not discovered by him until after the deed was accepted, when he tendered a reconveyance.

He then called McCurdy, a conveyancer, who had effected the sale through Bonsall.   He stated he did not know of the difficulty; Dr. Kitchen had never spoken to him about it.   He knew of the trust-deed, and thought there might be some difficulty in managing it, but he submitted to Mr. Bonsall's superior knowledge.   Bonsall stated, the trust-deed was not submitted to him, but he had no

doubt, from the recitals, he had gone to the recorder's office to make extracts of the previous title. It was also proved that the rent reserved was the full value of the land; and the plaintiff offered to show that Dr. Kitchen had been informed of the defect in his title, but the time referred to was after the date of the conveyance to Kerr.

The court nonsuited the plaintiff.

*Randall*, for plaintiff in error.—The defendant undertook to · convey where he had no right to do so, and without stating the facts known to him. It is said we had constructive notice by the registry, but that is immaterial where there was not actual knowledge on the question of fraud: Pullen *v.* Rianhard, 1 Whart. 514; 1 Serg. & Rawle, 42; 7 Serg. & Rawle, 47; 3 Watts & Serg. 390; 5 Watts & Serg. 478; 7 Watts & Serg. 201; 2 Barr, 122.

*G. M. Wharton*, contrâ.—Actual fraud is required by all the cases to entitle a party to recover back purchase-money after a deed delivered. Of that there was no evidence, nor is it pretended to have existed.

*April* 17. BELL, J.—It is unnecessary to run through the familiar cases which establish the rule in Pennsylvania, that though a vendee of land may defend an action brought for the purchase-money, by showing existing encumbrances or defect of title, he cannot, on these grounds, recover back the consideration-money paid, after conveyance made, unless there be fraud or a warranty. Conceding this doctrine, the plaintiff bases his claim to recover the ground-rents and taxes paid by him on an imputed fraudulent concealment by the defendant of Dr. James Kitchen's inability to convey the interests of Eliza Kitchen and her child in the premises. But there is not the slightest foundation for this pretence. All the deeds evidencing the title proposed to be conveyed, were of record and open to the inspection of all parties. The plaintiff had, therefore, constructive notice of all that was necessary for him to know, and in the absence of fraudulent representation by the defendant or his agents, which is not pretended, he was bound to inform himself. But the fact is, he had actual notice of the very deed under which the defect complained of exists, for it is recited in his title, and Mr. Bonsall, who was his agent for drafting the conveyance to him, testifies, that when preparing the deed he had recourse to the registry of the previous muniments. The plaintiff, however, insists that McCurdy, the agent of the defendant to effect a sale of·

the property, knew of and improperly concealed the defect of power in Dr. Kitchen to convey. Were this even so, it would not help a plaintiff to whose inspection every thing was open, but the imputation is positively denied by McCurdy, who swears he was not aware of any defect of title. It is true he says he knew of the trust-deed, and thought there might be some difficulty in managing that, but that he submitted to the superior knowledge of Mr. Bonsall as to the title. The fact is, all the parties acted under a mistake of the legal effect of the deed of trust, as it is abundantly apparent from the evidence. Each of them knew of its existence, and must have been aware of its contents. There was no room for conceal-ment, nor is there the slightest evidence that any was attempted. Kerr had full opportunity for examination, personally and by coun-sel learned in such matters, and if he neglected it or selected those who misadvised him, it is his misfortune, which, however, gives him no right of redress in this action, for it is settled that mere mistake is insufficient to support it: Dorsey v. Jackman, 1 Serg. & Rawle, 51, explaining D'Utricht v. Melchor, 1 Dall. 428. Were this suit brought to recover purchase-money, a grave question might be pre-sented; but it is clear, beyond cavil, there is nothing in the case to take it out of the rule I have stated, in respect to money paid. It follows, the District Court was right in directing the nonsuit.

It is admitted by the plaintiff's counsel that the bills of excep-tion to the exclusion of the evidence offered are subordinate to and dependent on the principal question. This being decided against him renders it unnecessary to consider them, for were the evidence offered admitted, it could make no change in the result.

Judgment affirmed.