TUCKER *against* WOODS.

Where A. signs a writing, by which he declares he will sell to B. his house, &c. at a certain price, &c. This is a mere proposition, and not a contract.

Where the promise of one party is the consideration of the promise of the other, the promises must be concurrent and obligatory on both parties, at the same time.

If at the time of a contract for the sale of land, there is a lease outstanding, which was unknown to the vendee, the vendee is not bound, but may rescind the contract, the vendor not being in a situation to give a perfect title.

THIS was an action of *assumpsit*, tried at the *Oneida* circuit, in *June*, 1814, before Mr. Justice *Van Ness.*

The plaintiff gave in evidence the following memorandum : " I will sell my dwelling house, tan works, and all the buildings belonging thereto, for five thousand dollars, payable as follows : one thousand dollars on taking possession, and one thousand dollars annually thereafter, until the whole is paid ; secured by bond and mortgage, or other good security, until the whole is paid ; and will give possession of the house and part of the tan works on the 1st *October* next : or, I will take of Mr. *David Tucker*, of *Whiteborough*, all his landed property, consisting of nine acres of land, lying on both sides of the road, near *Whitman's Mills*, in *Westborough*, with all the buildings and appendages in good order, for 4,500 dollars, towards my said works, and have the possession of his, when he takes possession of mine, and pays me, or secures it on interest for one year, the five hundred dollars, for ⬤. This proposition shall be binding on me until the first day of *January* next. *Greenbush, October* 13, 1807. *John W. Woods.*"

The plaintiff proved by a witness, that in *December*, 1807, he went to *Greenbush*, and informed the defendant, that he had come to fulfil the agreement on his part, and was then ready to convey the land at *Whiteborough*, and to secure the 500 dollars for the difference, according to the terms of the contract ; and demanded a performance of the defendant, on his part ; but the plaintiff did not tender or offer a deed for his land, nor say that he had a deed ready ; nor did he tender any sum of money for the 500 dollars. The defendant said he had changed his mind, and refused to do any thing in the business, and said that the plaintiff must seek his remedy. The defendant made no objection to any encumbrance being on the plaintiff's land, but absolutely refused to perform the agreement.

The defendant's counsel moved for a nonsuit, on the ground that the writing produced was not a contract, but a mere proposition, without consideration or reciprocity, which might be rescinded by either party, at his option ; but the judge overruled the motion. The defendant then proved, that, at the

time of the proposition or contract, there was a tenant on the property of the plaintiff, under a lease, and that about two years of the term was unexpired; and that the tenant was in possession in *December*, 1807, when the plaintiff offered to convey, and demanded a performance of the contract on the part of the defendant.

The judge charged the jury, that if there was an outstanding lease on the plaintiff's property, which would have prevented his giving possession, in case the defendant had been willing to carry the contract into execution, the plaintiff was not in a situation to convey; and if they should be of that opinion, they ought to find for the defendant. And the jury found a verdict, accordingly, for the defendant.

*Kirkland*, for the plaintiff, contended, that the memorandum contained every requisite of a contract, or agreement. The terms were explicit, it was reciprocal, and there was a consideration. He cited 2 *Vesey, jun.* 440. 2 *Caines*, 117, 3 *Johns. Cases*, 62. 3 *Johns. Rep.* 210. 7 *Vesey, jun.* 265. 9 *Vesey, jun.* 357. 5 *Vin. Ab.* 527.

*N. Williams*, contra. In the case of *Taylor* v. *Stibbert*, (2 *Vesey, jun.* 437—440.) the purchaser knew of the lease, at the time. The lease was an encumbrance, and the vendee was not bound to accept a deed, until all encumbrances were removed.* But here was no contract. It was a mere naked proposition, without any consideration. And the plaintiff had an option, as to performance. The defendant was not bound: the plaintiff, therefore, could not be held liable. There were not mutual promises, nor any consideration to support a contract. Both promises must be concurrent, and equally obligatory.†

* 10 *Johns. Rep.* 269. 2 *Comyn on Contracts*, 52. 58. 59. *Sugden, L. of V.* 5, 6. 150.

† 3 *Term Rep.* 653. 1 *Caines*, 584. 5 *East*, 16. 1 *Chitty's Pl.* 297. 1 *Peake's Cases*, 227.

*Per Curiam.* It might well be questioned, whether the memorandum, which is set up as the contract between these parties, and upon which this action is founded, is not void for want of consideration. It would seem to be a mere proposition, on the part of the defendant, and without mutuality. Nothing was to be done by the plaintiff; it was optional with him whether he would comply or not, on his part, and the defendant derived no benefit or advantage whatever from the proposition. The case of *Cooke* v. *Oxley*, (3 *Term Rep.* 653.) is very much in point

to show the contract void. In contracts, where the promise of the one party is the consideration for the promise of the other, the promises must be concurrent and obligatory upon both at the same time. (1 *Chitty*, 297. 1 *Caines*, ~~594.~~) But the ground upon which the judge, at the trial, put the cause, is perfectly conclusive. For, admitting there was a consideration, and that the plaintiff was bound on his part, yet it appearing by the evidence, that he was not in a situation to perform, the contract might be rescinded by the other side. (2 *Com. Con.* 52, 58, 59.) The proof in the case shows conclusively, that the property to be conveyed by the plaintiff to the defendant was under lease, and that the term would not expire until long after the bargain between these parties was to have been consummated; and this brings it within the principle decided by this court, in the case of *Jackson* v. *Wass*, (11 *Johns.* 525.) The motion for a new trial must, therefore, be denied.