Mr. Justice Walker delivered the opinion of the Court. This suit is brought on a special contract to transport a quantity of freight from the mouth of the Little Missouri river to Stewart and Gentry’s landing, and the breach alleged is, that defendant failed to furnish the freight according to contract. As there is no common count the plaintiffs must recover (if at all) upon their special contract as alleged and a material variance between the proof and the allegation descriptive of the contract will be fatal. 1 Chitty Pl. 305. 6 Mon. 609. Gregory vs. Mack, 3 Hill Rep. 380. The performance of the contract on the part of the plaintiffs* was the consideration for its performance on the part of the defendant. Therefore, in order to entitle the plaintiffs to recover, it devolved upon them to aver and prove performance on their part, so far as regarded having their boat equipped and ready to receive the freight at the time and place agreed upon was concerned and an offer or readiness to transport the freight. (1 Chitty Pl. 297. Tucker vs. Wood, 12 John. Rep. 190. Klep vs. Goodrich, id. 397. Gould vs. Banks, 8 Wend. 562.) And where (as in this case) such mutual promises are the consideration which forms the basis of the contract, even a slight misdescription will defeat the plaintiffs’ recovery. Chitty Pl. 29. Robinson vs. Lynch, 18 John. R. 455. The only difference between the contracts as set forth in the two counts, is, that in the first no time is fixed for the performance of the contract, whilst in the second it is stated that plaintiffs agreed to descend the Missouri river with their boat to the mouth, and be there in readiness when the defendant should return from New Orleans with his freight. The evidence falls short of sustaining the allegations in several important particulars. The plaintiffs aver that the contract was made in March, 1846. There is no proof showing when it was made. The precise time ordinarily would not be important, but it becomes so from the fact that no time is stated for its performance. The witness stated the time when he heard defendant speak of the agreement with plaintiffs : he says the conversation took place in the spring of the year 1846. From other evidence as to when the boat went down and when the defendant returned from New Orleans, we may well presume that witness heard the conversation about the first of April. But this furnishes no evidence as to the time when the contract was made. Therefore when the plaintiffs aver that they did perform their contract by going to the point of shipment agreed upon within a reasonable time after making the contract and were there ready to receive the freight and gave notice of the fact to the defendant, yet without proof of the time when the contract was made, it is impossible to say whether their performance was in a reasonable time or not. There is also another fatal defect in the proof. It is not proven that defendant had notice of the performance of the condition precedent on the part of the plaintiffs, and as there was no definite time alleged the plaintiffs were bound to give the defendant notice. In the second count it is averred that the plaintiffs egreed to be ready at the mouth of the river with their boat on the defendant’s return from New Orleans with his goods. In order to entitle the plaintiffs to recover, it devolved upon them to prove this allegation, but so far from doing so, the proof is that plaintiffs took their boat to the mouth of the river about the 17th or 20th of April and after a day or two rented it to a third person and returned, and it was some ten days after this that defendant arrived from New Orleans with his freight. The plaintiffs from the nature of their agreement were bound to do the first act. That was to show that at the time and place agreed upon they were there with their boat ready and in condition to receive defendant’s frieght. Then and not until then it devolved upon the defendant to furnish the frieght to be shipped by them according to contract, or pay them damages for such failure. These are not mere questions of weight of evidence, and therefore do not fall within the rule so often recognized by this court, that we will not set aside the verdict of a jury upon the ground that they have decided against the weight of evidence, unless in extreme cases, where they have clearly erred. But in this instance there is a total lack of evidence to sustain a material allegation, without proof of which the plaintiffs were not entitled to recover. The court, in our opinion, erred in refusing to permit the witness William Speer, to depose with regard to the conversation deposed to by the first witness on the boat. They were identified by time, place and the persons present with sufficient certainty to permit the witness to depose with regard to them. The deposition of Susan Speer was properly rejected. There was no proof that the communication made by the wife as having come from her husband (the defendant) did in fact come from him. For aught that plaintiffs knew there might in truth have been no communication from defendant, but then if proven to have been from him, it is very questionable whether the defendant had a right to rescind the contract or even thereby mitigate the damages for a failure on his part to furnish the goods to be freighted. The circuit court evidently erred in refusing to set aside the verdict and grant to the defendant a new trial. Let the judgment be reversed and the case be remanded to be proceeded in according to law.