### JOHN NOUNENBOCKER *v.* THOMAS HOOPER.

The defendant, in March, 1854, agreed in writing, without seal and without express consideration, to give the plaintiff employment for the term of one year, at the rate of twenty cents per hour for every hour's labor performed, as a gilder in his gilding establishment, and also to pay him one dollar per week extra to superintend the silver gilding department, and to make himself generally useful, commencing from the first of May next, and ending on the first of January, 1855. *Held*, that the agreement having been signed by both parties, was not void for want of mutuality; that the defendant bound himself to perform the services by adding his signature, although there *was*, in form, no covenant on his part; and that the plaintiff was liable to an action for failing to employ during the entire year.

*Held*, further, that it being a rule of construction to give, if possible, effect to every part of a contract; the above agreement should be construed as entitling the plaintiff to employment as a gilder for a year, and as a superintendent, &c., from May to January, during such year, and that the last clause did not limit the effect of the whole agreement to the period of eight months.

THIS action was founded upon the following instrument, signed by both parties:

"I do hereby agree to give Mr. John Nounenbocker steady employment for the term of one year, at the rate of twenty cents per hour for every hour's labor properly and satisfactorily performed, as a gilder, in my gilding department, at No. 14 Dutch street; and also, to pay one dollar per week extra to superintend the silver gilding department, and to make himself generally useful; commencing from the first of May next, and ending the first of January, 1855.

"In witness whereof, I, and said John Nounenbocker, have set hereunto our hands and seals, on the 30th of March, 1854.

"JOHN NOUNENBOCKER.

"THOS. HOOPER."

The plaintiff entered the defendant's employment, upon the execution of the above, and continued to January 1, 1855. On the 25th of January, 1855, he tendered his ser-

vices, which were refused. Damages to the plaintiff from January 25 to some time in February, when the suit was commenced, were awarded by the Fourth District Court. The defendant appealed.

*William W. Brackett*, for the defendant.

*Henry P. Townsend*, for the plaintiff.

By THE COURT. DALY, J.—To constitute a contract, it is necessary that there should be a reciprocal assent to a certain and definite proposition, and the agreement must be such that either party may have an action upon it in regard to matters to be performed by the other contracting party. (Chitty on Contracts, 15, 5th Am. ed.; Story on Contracts, § 378.)

The agreement in the present case is in writing, and is signed by both the parties. It sets forth that the defendant agrees to give the plaintiff steady employment for a year, as gilder in his gilding establishment, at a certain rate of compensation, which is specified, and the plaintiff, by signing the instrument, must be taken as agreeing to work for the defendant, as a gilder, for the time and upon the terms specified. All the cases cited by the appellant upon the argument are cases in which the writing was signed by one of the parties only. In *Cooke* v. *Oxley*, 3 T. R. 653, the defendant agreed to sell a quantity of tobacco, if the plaintiff, by a certain time, would agree to purchase it. The plaintiff, at the time appointed, agreed to purchase, but it was held to be *nudum factum*, because, at the time of entering into the contract, the engagement was all on one side. In *Lee* v. *Whitcomb*, 3 C. & P. 289, the defendant agreed in writing to remain with the plaintiff two years to learn the business of dressmaking, but the writing was not signed by the plaintiff, and there was, consequently, no obligation on her part to teach. In *Tucker* v. *Wood*, 12 Johns. 190, there was a memorandum, signed by the defendant alone, to sell his house; and *Sykes* v. *Dixon*, 9 A. & E. 693, was a memorandum in writing by B.

alone, that he would work for the plaintiff for two years. In all these cases there was a want of mutuality. There was nothing in the writing indicating assent to anything, except by the party sought to be charged. In verbal contracts, very slight circumstances, if they are intelligible, such as a nod of the head, the shaking of hands, &c., is sufficient to constitute an assent, and the signature of a party to a writing is sufficient, if what he has assented to can be reasonably and intelligibly inferred from the writing. The consideration in the present case was the mutual engagement of the one party to employ, and of the other to work, and each having signed the writing, the contract was binding upon both.

It is insisted, that though in the first part of the agreement the defendant agrees to give the plaintiff employment for a year, yet that this is limited by a subsequent provision, by which the contract is to take effect on the 1st day of May, 1854, and end on the 1st of January, 1855, being less than a year, and that damages having been given for refusing to employ the defendant after the 1st of January, 1855, the judgment was erroneous. The justice appears to have construed the contract differently, and I think the construction he put upon it was correct. It is very true, that a general provision in a contract to employ a party for a year would be controlled by a subsequent provision, pointing out the exact time during which he was to be employed; but if an interpretation can be had, by which both provisions in the contract can be made consistent with each other, that interpretation must be adopted, which can be done in this case. We may read the contract thus: That the plaintiff was to be employed as a gilder for one year, from the 30th of March, 1854, at the rate of 20 cents an hour for every hour's labor properly and satisfactorily performed by him, and that he was also to be employed to superintend the defendant's silver gilding department, and to make himself generally useful, at the rate of one dollar per week extra, commencing on the 1st of May next after the execution of the contract, and ending on the 1st of January, 1855. The plaintiff's claim then would be,

for the defendant's refusal to employ him after the 1st of January, 1855, as a gilder, at the rate of 20 cents an hour; that is, from the 25th of January to the commencement of the suit, February, 1855.

As respects the amount of damages, it was proved that the usual hours of labor in the employment was nine hours a day. This, at 20 cents an hour, would be $1 80 a day, and the whole amount allowed by the justice, $61 20, was computed at this rate.

Judgment affirmed.