GEORGE W. WELCH *vs.* NATHAN MATTHEWS.

A promise to pay a certain price for a lot of land " upon the presentation of the deed," implies tender of the deed as a condition precedent to payment.

No action will lie on a promise to pay a certain price for a lot of land " upon the presentation of the deed," if the deed tendered conveys no title to the land; nor if, after the date of the promise, the promisee fails for more than five years to tender a good deed, and thers is nothing to show that so long a delay was intended or assented to by the promisor.

CONTRACT on the following agreement signed and sealed by the defendant on December 2, 1853 : " In consideration of one dollar received, I hereby agree to pay to George W. Welch , for deed of estate on Eastern Railroad Wharf, now belonging to heirs of John Welch, upon the presentation of the deed, five

thousand dollars in cash, and five thousand five hundred dollars in satisfactory mortgages on property in the city of Boston, satisfactory to said Welch; said five thousand five hundred dollars payable with interest in one year." Writ dated September 15, 1866.

At the trial in the superior court, before *Brigham,* J., it appeared in evidence that John Welch, the plaintiff's father, owned the land prior to November 3, 1847, when he conveyed it to Thomas J. Welch, taking a mortgage of it back on the same day, and two subsequent mortgages of it in 1849 and 1850; that, on December 26, 1853, John Welch having died prior to the agreement with the defendant, there was a partition of his real estate, setting off to the plaintiff the land in question; and that on January 5, 1854, the plaintiff tendered to the defendant a deed purporting to convey it, and demanded payment according to the terms of the agreement, but the defendant refused to accept the deed or make the payment.

And it further appeared that this partition, having been recorded May 22, 1854, was confirmed by mutual conveyances of the heirs of John Welch, on February 28, 1859; and that, on June 14, 1856, the executor of John Welch's will assigned to the plaintiff the first mortgage named, and, on August 7, 1858, Thomas J. Welch, in whom the record title to the land had stood ever since November 3, 1847, conveyed it to the plaintiff; and finally that, on July 8, 1859, the two other mortgages were assigned to the plaintiff.

And it was also in evidence that at the time the defendant made the agreement in question he knew that John Welch's estate had not been divided among the heirs.

To control this evidence the plaintiff offered to prove that the conveyance of the land by John Welch to Thomas J. Welch, on November 3, 1847, and the mortgage of it back on the same day, were both without consideration; and that John Welch, until his death, was in possession of the land, and took all its rents and profits, which, after his death, were taken by his executor, until the partition, and, after that, by the plaintiff, who on the day of the partition entered into possession of the land. And

the plaintiff further offered to prove that, after the release of title by Thomas J. Welch, and the confirmation of the partition by the heirs, he again tendered to the defendant the same deed of the land which the defendant had refused in 1854.

But the judge excluded the evidence thus offered by the plaintiff, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*A. R. Brown,* for the plaintiff.

*G. O. Shattuck & J. B. Thayer,* for the defendant, were not called upon.

BY THE COURT. The fair construction of the contract declared on required a deed to be tendered by the landowners. The first deed was tendered by the plaintiff January 5, 1854, when he had no title, and was therefore insufficient. The second deed tendered was quite too late, the plaintiff having no title till 1858, — a delay so great that it would be impossible to hold that the defendant then continued to be bound by his contract.

*Exceptions overruled.*