### Oscar N. Kenerson *vs.* James E. Henry.

K. and H. agreed that H. would convey a lot of land to K. for a certain price at the end of two years, and that if H. wished to sell the land before the end of the two years he should first offer it to K. for that price, and, if K. should decline to take it, H. should be discharged from the agreement. *Held*, that H. was bound to offer a deed of the land to K. before selling it to a third party; that it was no excuse for failure to make such offer that K. had not tendered the price, or had no means with which to buy the land; and that, on sale of the land by H. to a third person without the offer to K., K. could bring suit for breach of the agreement, without waiting for the expiration of the two years, or making such tender.

Proof of a conveyance by H. and his wife to C., without first offering it to K., of land conveyed originally by K. to H.'s wife, and which H. agreed in writing not to sell without first offering to K., will warrant a finding of a breach of the agreement, in the absence of evidence that such conveyance was not a sale.

It is no excuse for breach of an agreement that it was committed under advice of a counsellor at law.

On a question of the value of land, evidence of the assessors' valuation of it is incompetent

CONTRACT for breach of an agreement under seal, dated
October 10, 1865, by and between the plaintiff and the de-.
fendant, of which the following was the material part:

" Whereas the said Oscar N. Kenerson has this day con-
veyed to Eliza A. Henry, wife of said James· E. Henry, by
two certain deeds of even date herewith, certain real estate
situated in Cambridge : now therefore it is agreed that the
said Henry will convey to said Kenerson, by good and suf-
ficient deed of warranty, the land in said deeds described, for
the sum of twenty-six hundred dollars, at the expiration of two
years from this date. It is further agreed that if said Henry
desires to sell said real estate before two years shall expire,
he shall first offer it to said Kenerson for twenty-six hundred
dollars, and if said Kenerson shall then decline to take said
estate for the price abovementioned, said Henry shall be dis-
charged from fulfilling this agreement."

The declaration alleged that the defendant, long before the
expiration of two years from the date of the agreement, con-
veyed away the estate and did not offer the same to the plaintiff
as agreed ; that the plaintiff did not know of " said sale" until
long after it was made ; and that on or before the expiration
of said two years the plaintiff demanded of the defendant a
conveyance of the estate to himself, which the defendant re-
fused to make.

The answer denied in general terms each and every allega-
tion of the declaration, and specially denied that the plaintiff
ever demanded of the defendant any conveyance of any estate
as alleged.

At the trial in the superior court, before *Wilkinson,* J., the
plaintiff introduced evidence to show that within two years after
the date of the agreement the defendant and his wife conveyed
the estate described therein to one Chase without any offer of
it to the plaintiff, but introduced no evidence of any tender
of the $2600 on his part, whereupon the defendant asked the
judge to rule that the plaintiff could not recover without prov-
ing such tender ; but the judge declined so to rule.

By cross-examination of the plaintiff and by other evidence

the defendant offered to show that the plaintiff had no money or other means with which to pay for the estate, at the time of the alleged sale by the defendant, or at the expiration of the two years, or at any intervening time; but the judge ruled that such evidence was not admissible.

The defendant also offered to show that before the estate was sold he took the advice of a counsellor of the courts, learned in the law, in regard to his rights under the written agreement, and what he did in pursuance of such advice; but the judge ruled such evidence inadmissible.

On the question of damages, the defendant called one of the assessors of Cambridge to show the assessed valuation of the estate; but the judge ruled that this was no evidence of the value.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*B. C. Moulton,* for the defendant.

*G. Z. Adams,* for the plaintiff.

WELLS, J. The plaintiff seeks to recover for a breach of the second branch of the contract, by a sale and conveyance of the property without first offering it to the plaintiff at the agreed price. Under this clause it was not for the plaintiff to tender the price, and demand a deed. He was entitled to have the offer of a deed made to him, and had no occasion to provide the money until such offer should be made. It is no excuse for the defendant that the plaintiff had no money of his own. With the offer of a conveyance he might be enabled to provide the means of paying the price.

It may be that the defendant was in no worse condition of capability to make a title to the plaintiff after the conveyance to Chase, than while the title was held by his wife. We cannot judge of that. It is enough that the conveyance to Chase imports a sale; that there is no evidence that it was not an actual sale; and as such it is a breach of this agreement.

The defendant contends that this clause imposes no obligation upon him, but is simply intended to enable him to terminate the period of the plaintiff's election, and release himself

from further obligation upon the contract, by making the offer therein permitted ; that his omission to make the offer merely leaves him responsible upon the other branch of the contract, provided the plaintiff tenders the price and demands a deed at the expiration of the two years. But we cannot so interpret the writing. The terms, " it is further agreed that if," &c., " he shall first offer it to " the plaintiff, import an obligation on his part, and not merely a proviso for his benefit. *Cartwright* v. *Gardner*, 5 Cush. 273.

It is no defence that he acted in accordance with the " advice of a counsellor of the courts, learned in the law."

The evidence of the assessor was properly excluded. The offer was not of his opinion of the value of the property, but " to show the assessed valuation thereof." *Flint* v. *Flint*, 6 Allen, 34.                          *Exceptions overruled.*