FRANK E. FOOTE *vs.* OLIN H. SMITH & another.

Hampden, Sept. 25.— Nov. 30, 1883.   FIELD & W. ALLEN, JJ., absent.

If a broker makes a contract for A. to sell and deliver to B. a certain quantity of
wheat, at any time, during a year named, which A. may select, at a fixed price,
and agrees that if, by a rise in the price of wheat, more margin shall be required,
he will not sell the wheat, but will draw upon A. for such an amount as is neces-
sary to carry the wheat, the broker has no right to close the contract without
drawing upon A., although A. at the time is out of the State, and has made no
provision for the payment of the draft, of which fact the broker has knowledge.

HOLMES, J.   The defendants, who were brokers, made a con-
tract for the plaintiff to sell and deliver to a third person 50,000
bushels of wheat, at any time, during the year 1882, which the
plaintiff might select, at a fixed price.   The plaintiff's evidence
was, that the defendants agreed with him " that if, by a rise in
the price of wheat, more margin should be required, they would
not sell him out, but would draw upon him for such an amount
as was necessary to carry the wheat."   A little later, the plaintiff
being out of the State, the defendants, after some communication
with him, closed the contract without drawing upon him, and
this action is brought to recover damages for their alleged breach
of contract.   The jury were instructed that, " if the agreement
was that the defendants would draw on the plaintiff for such a
margin as might be needed, and the plaintiff left his residence,
and went out of the State, and left no provision for the payment
of the draft, and the defendants were apprised of this, and had
reasonable cause to believe that a draft would not be honored or
paid, the defendants were not bound to draw."

The fair effect of the plaintiff's evidence is, that the defend-
ants' right to select the time of delivery in place of the plain-
tiff, and to close the contract, was made conditional upon their
drawing and his failure to honor the draft.   It does not appear
that the plaintiff agreed to pay when drawn upon, or that he had
gone further than to stipulate for an opportunity to do so.   But
even if he had, he was only bound to pay when a demand was
made upon him in the form of a draft, and therefore, in any
event, the first act was to come from the defendants.   It follows
that the plaintiff could not be put in default, and the condition
satisfied, except by doing that act.   No doubt he might have

waived it, and have authorized the defendants to sell without drawing, but that effect cannot be attributed, as matter of law, to facts and conduct consistent with his ability and intention to pay. *Kenerson* v. *Henry*, 101 Mass. 152.

*Exceptions sustained.*

*G. Wells & H. W. Ely*, for the plaintiff.

*G. M. Stearns*, (*E. H. Lathrop* with him,) for the defendants.