## FORT PAYNE COAL AND IRON COMPANY *vs.* WILLIAM A. WEBSTER.

Middlesex.    January 9, 1895. — February 28, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Promissory Note — Failure of Consideration — Breach of Contract — Right of Rescission — Waiver — Action — Corporation — Authority of Receiver — Evidence.*

A paper writing signed by A. recited a sale of land by him to B., and a receipt of part payment in cash and an agreement to give two promissory notes for the balance, and contained an express covenant to convey the land to B. by a good and sufficient deed on payment of the notes. It also provided that, if B. should fail to make the payments, A. might consider the sale void so far as the agreement to convey land to B. was concerned, and might sell the land, giving notice to B. of the time and place of sale, and apply the proceeds in part payment of the notes. The notes were given in accordance with the agreement, and were of even date therewith, and the paper and the notes were parts of the same transaction. *Held*, in an action by A. against B. on the notes, that, in addition to the express covenant to convey the land to B. on his making the payments, there was an implied covenant to hold the land under the contract in readiness to be conveyed at the appointed time ; and that a conveyance of the land before the maturity of the first note, which put it out of the power of A. to make a good title to B., was a breach of the contract which justified B. in rescinding it. *Held, also*, that a letter written by B. to the bank where the note was left for collection, stating that A. had failed to perform certain promises made when the note was given, and that until he did the things promised, " I do not feel like paying anything more on the land," was not a waiver of B.'s right to rescind the contract or to defend on the ground of A.'s breach of it ; it not appearing that B. then knew what A. had done, nor that he intended to waive any rights, nor that A. took any action in reliance upon the letter.

If a promissory note is given to a corporation in part payment of land, which the corporation agrees by an instrument of even date to convey to the maker by a good and sufficient deed on payment of the note, and before the maturity of the note the corporation executes a trust deed of all its real estate, including that sold to the maker of a note to secure the payment of bonds which are issued and sold, there is a total failure of the consideration for the note, and no action can be maintained thereon by the corporation against the maker.

An appointment of a receiver of a corporation does not, apart from a statute or an order of court, make him so far the representative of the corporation that he can bring suits for it in his own name, or bind it by admissions *in pais* made outside of the performance of his official duties.

A corporation sold land to A., taking his promissory note in part payment, and executing an instrument of even date by which it agreed to convey the land to A. by a good and sufficient deed on payment of the note. Before the note matured, the corporation made a trust deed of all its real estate, including that

sold to A., to secure the payment of bonds which were issued and sold. In an action in the name of the corporation against A. upon the note, the defence to which was a failure of consideration, a report made by a receiver of the corporation to the stockholders, bondholders, and creditors, which did not appear to have been made in the performance of any official duty, but apparently was volunteered with a purpose to serve the interests of persons connected with the corporation, was admitted in evidence. The nature of the receivership did not appear. *Held,* that the report was not admissible.

KNOWLTON, J. This is an action on two promissory notes, which are identical in form, except that one is payable in one year and the other in two years from date. The defences set up are false and fraudulent representations on the part of the plaintiff, and a failure of consideration. No question of pleading is intended to be raised. The case appears to have been tried at length on the question of fraud, upon which the evidence was conflicting, but the verdict was finally rendered on the other branch of the case, the plaintiff's counsel excepting to the rulings given, and consenting that a verdict might be taken for the defendant, subject to the question whether there was error of law at the trial.

Each of the notes contains recitals of special provisions which have reference to a contract for a sale of land from the plaintiff to the defendant, which is more fully set out in a writing bearing even date with the notes, and executed by the plaintiff when the notes were given. This writing and the notes were parts of the same transaction, and are to be considered together in determining the rights of the parties. The paper signed by the plaintiff recited the sale and a receipt of part payment in cash and an agreement to give the notes for the balance of the price, and contains an express agreement to convey the land to the defendant by a good and sufficient deed on payment of the notes. It provided that, if the defendant should fail to make the payments, the plaintiff might consider the sale void so far as the agreement to convey land to the defendant is concerned, and might sell the land, giving notice to the defendant of the time and place of sale, and apply the proceeds in part payment of the notes. In addition to the express covenant to convey the land to the defendant on his making the payments, there was an implied covenant to hold the land under the contract in readiness to be conveyed at the appointed time. The land so to be held for the

plaintiff, and so to be conveyed, constituted the only consideration for the notes. There was evidence tending to show that, several months before the first note became due, the plaintiff made a trust deed of all its real estate, including the land sold to the defendant, to secure payment of bonds to the amount of $300,000, and that bonds to an amount of considerably more than $200,000 secured by this deed were issued and sold. The evidence also indicated that the plaintiff, at the time of the trial, was insolvent.

The implied covenant to hold the title for the benefit of the defendant, and to have the land ready to be conveyed free from encumbrance when the payments should be made, was of the essence of the contract for which the notes were given, and a conveyance of the land which put it out of the power of the plaintiff to make a good title to the defendant was a breach of the contract which justified the defendant in rescinding it. If the land was conveyed away, so that it no longer existed as land which the plaintiff could convey to him in performance of the contract, he might properly decline to proceed further with the contract, and treat the notes as promises whose consideration had wholly failed. It was the plaintiff's own fault that it broke the contract to keep the land for the defendant. When it disposed of the land, it could not justly ask him to pay for it. The promise to pay the last note was a stipulation dependent on an express stipulation of the plaintiff to convey the land by a sufficient deed. The stipulation to pay the first note was dependent on an implied contract of the plaintiff not to dispose of the land before the note became due, nor to do anything which should imperil his right to have a proper deed on payment of the second note. *Newcomb* v. *Brackett*, 16 Mass. 161. *Stone* v. *Fowle*, 22 Pick. 166, 174. *Swan* v. *Drury*, 22 Pick. 485. *Packard* v. *Usher*, 7 Gray, 529. *Welch* v. *Matthews*, 98 Mass. 131. *Kenerson* v. *Henry*, 101 Mass. 152. *Hapgood* v. *Shaw*, 105 Mass. 276. *Gormley* v. *Kyle*, 137 Mass. 189. *Lowe* v. *Harwood*, 139 Mass. 133. *Linton* v. *Allen*, 147 Mass. 231. *Judson* v. *Wass*, 11 Johns. 525, 528. *Tucker* v. *Woods*, 12 Johns. 190.

We are of opinion that the defendant's letter of October 8, 1891, written to the bank where the note was left for collection, was not a waiver of his right to rescind the contract or to de-

fend on the ground of the plaintiff's breach of the contract.* It does not appear that he then knew what the plaintiff had done, nor that he intended to waive any rights, nor that the plaintiff took any action in reliance upon the letter. *Newcomb* v. *Brackett*, 16 Mass. 161. *Swan* v. *Drury*, 22 Pick. 485. *Gerrish* v. *Norris*, 9 Cush. 167. *Holdsworth* v. *Tucker*, 143 Mass. 369, 376. We are of opinion that the instructions to the jury at the trial were substantially correct.†

The plaintiff took exception to the admission in evidence of a report made by one Sheldon, receiver of the plaintiff corporation, to the stockholders, bondholders, and creditors. This report does not appear to have been made in the performance of any official duty, but apparently was volunteered with a purpose to serve the interests of persons connected with the corporation. The nature of the receivership does not particularly appear. The suit is brought in the name of the corporation, although the report shows that it was brought with the knowledge and assent of the receiver, and was conducted by him. An appointment of a receiver does not, apart from a statute or an order of court, make him so far the representative of the corporation that he can bring suits for it in his own name, or can bind it by admissions *in pais* made outside of the performance of his official duties. *Battle* v. *Davis*, 66 N. C. 252. *Freeman* v. *Winchester*,

---

* This letter was as follows: "The note which you hold was given the Fort Payne Coal and Iron Co. for land purchased of them. At time of sale they made promises of what they were going positively to do, and told of other things contemplated. They have failed to do any of these things, and until they do them I do not feel like paying anything more on the land."

† The instructions were as follows: "If, prior to the date of the writ, in accordance with a vote of the stockholders of the plaintiff corporation, but after the sale by auction to the defendant, all the real estate of the company, including the lot for which these notes were given, was subjected to a mortgage, or deed of trust, to secure payment of the sum of $300,000, under which bonds to the amount of $227,200 were issued; and if also, prior to the date of this writ, but after the sale by auction to the defendant, all the real estate of the company, including the lot for which these notes were given, was sold for taxes, — as stated in the report of the receiver, which has been put in evidence, — then the plaintiff corporation has put it out of its own power to give the defendant a deed of the lot in question, and to give him a valid conveyance of the lot; there has been a total failure of consideration for these notes, and the plaintiff cannot recover."

10 Sm. & M. 577.  *Garver* v. *Kent,* 70 Ind. 428.  *Moriarty* v. *Kent,* 71 Ind. 601.  It may be that the appointment of this receiver was such as to make him an assignee of the corporation's property, authorized to sue for it in his own name and to bind the corporation by admissions *in pais;* but this does not appear, and upon the record before us we think the evidence was wrongly admitted.  For this reason only there must be a new trial.

*Verdict set aside.*

*S. J. Elder & E. A. Whitman,* for the plaintiff.
*B. B. Johnson,* for the defendant.