## Daniel Spink vs. N. Y., N. H. & H. R. R. Co.

PROVIDENCE—APRIL 15, 1904.

Present: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Fires Set by Locomotives. Evidence. Damages.*

In an action brought to recover damages to growing wood by reason of fire alleged to have been set by defendant's locomotives, evidence as to the effect of the fire is admissible on the question of damages, and the time of its admission is within the discretion of the court.

(2) *Evidence. Damages.*

Testimony of the value of the wood, "if put to its best use," was proper, as tending to show one element of damage, viz.: the distinction between the wood and also its value at the time of the fire.

(3) *Evidence.*

Testimony that wood could have been sold, soon after the fire, which subsequently became useless, is admissible.

(4) *Evidence. Land Values.*

An assessment of taxes is not of itself evidence of the market value of land.

(5) *Best Evidence. Presumptions. New Trial.*

In an action brought to recover damages to growing wood by reason of fire alleged to have been set by defendant's locomotives, where the import of the testimony was that the locomotives which went by immediately before the fire was started were attached to regular trains of defendant, and therefore presumptively under its control, and defendant offered no evidence to rebut the presumption, the best evidence being exclusively within its control, and the testimony being allowed to stand, a new trial on the ground that plaintiff must prove ownership of the locomotive will be denied.

(6) *Evidence. Inferences from Facts.*

Where direct testimony as to facts is not possible, but facts are shown which raise an inference as to cause, the jury is not precluded from drawing inferences from the facts as to cause and effect.

(7) *Damages.*

In an action brought to recover damages to growing wood by reason of fire alleged to have been set by defendant's locomotives, the measure of damages is the value of the property destroyed at the time of the fire, allowing for the value remaining.

Debt under statute. Heard on petition of defendant for new trial, and denied.

STINESS, C. J.   The reasons urged for a new trial, so far as they call for special consideration, are answered as follows:

(1)   Testimony as to the effect of the fire was admissible on the question of damages, and the time of its admission was in the discretion of the court.

(2)   Testimony of the value of the wood, "if put to its best use," was proper as tending to show one element of damage, viz., the distinction between wood, as cord-wood, and that suitable for better purposes, such as piles, ties, &c.   It tended to show its value at the time of the fire.

The witness Metcalf appears to have been an expert in the value of standing wood.   He had been examined as such for about forty preceding pages in the record, and the testimony objected to had already gone in without objection.

(3)   Testimony that burnt trees could have been sold for piles and poles, soon after the fire, which subsequently became useless, should have been admitted; but the court is of opinion that the defendant was not prejudiced because of the instructions to the jury and the damages awarded. •

Damage to the soil is claimed in the declaration and was properly allowed under previous decisions.

(4)   The defendant asked a witness, an assessor of taxes, what was the value of the land.   He replied that he could give a statement of what it was taxed for.   This statement the court properly excluded.   An assessment of taxes is not, of itself, evidence of market value.   *Flint* v. *Flint*, 6 Allen, 34; *Kenerson* v. *Henry*, 101 Mass. 152.

The exclusion of the opinion of an assessor of taxes as to the value of the land was clearly right, as he had already answered that he could only give a statement of what the land was taxed for.

The questions whether there was a demand for telephone poles and for piles and ties, at the time of the fire and afterwards, were for the purpose of showing that much of the wood might have been cut and sold after the fire.   They were proper on the question of damages, and should have been admitted. They had a bearing on the value left to the plaintiff after the fire, and the damages were to be estimated at the time of the

fire. While the plaintiff was not obliged to cut these trees and put them into the market, yet, if he had them, their value had not been taken from him and he could not enhance his damages by leaving them to rot.

Although these questions might properly have been asked, the exclusion of them is not a sufficient ground for a new trial, because they only covered the demand for poles and piles, not their value. The defendant had show how many trees fit for piles and poles were on the land, and their value on the stump. The testimony as to demand for these in the market would, therefore, only bear on the probability that they could have been sold. In view of the damages awarded it does not appear that the verdict could have been enhanced by lack of this testimony. *York* v. *Stiles*, 21 R. I. 225.

(5)  The exception to the plaintiff's first request to charge is based upon the claim that the plaintiff must prove ownership of the locomotive, as well as operation of the railroad.

The import of the testimony was that the engines which went by immediately before the fire started were attached to regular trains of the defendant, and therefore presumptively under its control, and so within the term "its engines" as used in the statute. The defendant offered no testimony to rebut the presumption. As said in *Macdonald* v. *N. Y., N. H. & H. R. R. Co.*, 25 R. I. 40: "It takes but slight evidence to make out a *prima facie* case, under circumstances like these, where the defendant has such ample and exclusive means of protecting itself against possible error, the best evidence being exclusively within its own control." The possessive case sometimes means possession only.

A defendant, allowing testimony to stand which it might easily disprove, should not be granted a new trial on that account.

The objection to the plaintiff's third request to charge is that under it the jury could find future damages.

The court stated, in the course of the examination, that the damage to the trees was to be limited to the value on the stump. That value depended upon the uses to which the wood could be put; what it was fit for. The charge implied nothing more.

The defendant's second request to charge that "the jury should not be allowed to base their verdict on inference or guess, was refused."

(6)    The request was properly refused. It was too broad. It excluded the right of the jury to draw inferences from facts. Direct testimony as to the origin of a fire, usually, would not be possible; but facts might be shown which would raise an inference of cause quite as conclusive. Of course mere possibility, conjecture, or guess would not warrant a jury in rendering a verdict against the defendant, but this does not exclude a proper inference from facts as to cause and effect.

The defendant's request to charge that the measure of damages was the difference between the value of the timber on the land immediately before the fire and its value immediately after was too narrow, as it excluded not only damage to the soil but also the value of a building which was burned.

(7)    To the requests to charge that the plaintiff can not recover for damages which might have been prevented by reasonable efforts on his part or by abandonment were too indefinite. It had been claimed during the trial that the plaintiff was bound to have cut off the timber and sold it. If this was what was meant by the requests, and apparently it was, they were properly refused. We have already stated that the plaintiff was not bound to do that, but he was confined to the value at the time of the fire, allowing for the value remaining; and this was practically covered by the allowance of the plaintiff's request which limited the damages to "the outcome of the fire."

The court is of opinion that the verdict was not against the evidence.

The court is of opinion that the damages were not excessive under the evidence. The opinions of experts as to the damage done by the fire varied from $18 to $75 per acre. The award made by the jury was slightly over $40 per acre. This shows no excessive valuation, and also indicates that the jury could not have enhanced the damages by the loss on the trees which might have been cut and sold.

The other exceptions are not pressed.

Petition for new trial denied.

*Wm. B. Greenough and James C. Collins, Jr.*, for plaintiff.

*John W. Sweeney*, for defendant.