## W. Scott and Company v. E. T. Woodard.

Decided May 22, 1905.

**1.—Admissions—Application for Continuance as Evidence.**

An application for continuance made by plaintiffs through their attorney may be put in evidence where it contains an admission which clearly contradicts their testimony as given at the trial.

**2.—Practice on Appeal—Conflicting Evidence.**

A verdict clearly supported by the testimony of a credible witness will not be set aside on appeal because of a conflict between his testimony and that of another witness.

Appeal from the District Court of Howard. Tried below before Hon. Jas. L. Shepherd.

*John B. Littler, Ellis Douthit* and *Matlock, Miller & Dycus,* for appellants.—The affidavit for continuance made by plaintiffs' attorney was inadmissible in evidence to impeach the witness, W. C. Robertson, because it was hearsay. Wilburn v. State, 77 S. W. Rep., 3; Poyner v. State, 48 S. W. Rep., 516.

*S. H. Morrison,* for appellee.—The affidavit for continuance was an admission by appellants that W. Scott was the only witness for appellants who knew the terms of agreement between the parties, was part of appellants' pleading in the case, and was admissible for both reasons, and appellants having offered the entire motion can not now be heard to complain at its being introduced or at its being considered as a circumstance tending to impeach Robertson or for any other purpose. Norton v. Maddox, 66 S. W. Rep., 319; Fidelity & Casuality Co. v. Brown, 69 S. W. Rep., 915; Atkins v. New York Life Insurance Co., 62 S. W. Rep., 563; San Antonio & A. P. R. R. Co. v. Barnett, 66 S. W. Rep., 474; Western Un. Tel. Co. v. Barefoot, 74 S. W. Rep., 516; H. E. & W. T. R. R. Co. v. Dewalt, 70 S. W. Rep., 531; Ft. Worth & D. C. R. R. Co. v. Wright, 64 S. W. Rep., 1001; Jarrell v. Crow, 71 S. W. Rep., 397; St. Louis & S. W. R. R. Co. v. Hughes, 73 S. W. Rep., 976; Galveston, H. & S. A. R. R. Co. v. Baumgarten, 72 S. W. Rep., 78.

STEPHENS, ASSOCIATE JUSTICE.—Appellants purchased of appellee four sections of school land in Howard County, Texas, for which they made a cash payment of $2,500. Before this sale was made appellee owed them several hundred dollars, which indebtedness, according to his version, was extinguished by the sale, but according to the version of appellants, remained unsatisfied, and this suit was brought to recover the amount claimed to be due.

The case was one of conflicting evidence, and the verdict in appellee's favor therefore establishes his contention.

There was no error in allowing appellee to introduce in evidence the application for continuance made by the appellants through their attorney, since it contained an admission which contradicted the testimony of each of them on the trial. (Houston, E. & W. T. R. R. Co. v. Dewalt, 96 Texas, 121, 70 S. W. Rep., 531, and cases there cited.

The charge of the court is criticised, but we are unable to see how it could have been misleading, since it submitted in plain language the controverted issues of fact raised by the pleadings and evidence.

The verdict is also complained of, but was warranted by the testimony of appellee. That we have no power to set aside a verdict clearly supported by the testimony of a credible witness because of a conflict between his testimony and that of other witnesses, is too well settled to admit of discussion.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.