## EVIDENCE OF ADMISSION BY RECEIVER COMPETENT AGAINST ESTATE.

Circuit Court of Cuyahoga County.

THE ABRAZONINE COMPANY v. THE OHIO CERAMIC ENGINEERING COMPANY.

Decided, May 31, 1910.

*Admissions of Counsel—Of Receivers—Authority of Counsel Presumed.*

1. Admissions of counsel in pleadings, motions, affidavits and other papers filed in a cause are admissible in the same cause against their clients, if made within the scope of their authority.
2. Where a receiver, acting in the course and within the scope of his official duty, makes an admission against the interest of the estate in his custody, it is binding upon the estate and its owner.
3. The authority of an attorney is to be presumed from his appearance as such in a case, until the contrary affirmatively appears.

*Lawrence, Russell & Eichelberger*, for plaintiff in error.
*Lang, Cassidy & Copeland*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties here stand in the relation opposite to that in which they stood below. There the defendant in error recovered

a verdict and judgment for $900.16 on a contract evidenced by the following correspondence:

"APRIL 20, 1906.

"MR. JOHN KLINE,

"Wyckliff, Ohio.

"*Dear Sir*: Confirming verbal proposition made by you this morning would say that we will furnish you one of our double die power silica presses complete, with one set of double dies for 6 emery wheels and one set of double dies for 3 emery wheels for $750 f. o. b. our factory. In case you return this press to us, you are to pay us $125, we to pay the return freight on the press. Of course the press is to be returned in good condition without any broken parts.

"In case you should return the press and should take the Ross-Keller 4 mould press which we have at $1,800 we will ask no charge for the use of our press, or if you should take the Boyd 4 mould press which we have for sale at $2,400 and return ours, there would be no charges for the use of ours. In case you should make this change, you are to pay the freight on the Ross-Keller or Boyd presses from point of shipment and we are to pay the return freight on our press. We would also furnish a man free of charge to superintend the setting up of the Ross-Keller press at your plant.

"Yours very truly,

"THE OHIO CERAMIC ENGINEERING COMPANY,

"(Signed)   FRANK H. ROBINSON, *President.*"

"APRIL 26, 1906.

"THE ABRAZONINE CO.,

"City.

"*Gentlemen*: Referring to proposition which we made Mr. John Kline on April 20th, for one of our power silica presses, we hereby amend said proposition to extend the time to 90 days if necessary, the understanding being that the press, if returned, will be in such condition that we will not have to sacrifice in making a re-sale. At the end of four weeks, if you still desire to keep the press, it is understood that you will pay one-third of the purchase price subject to all the conditions of original proposition to Mr. John Kline as to the return of the machine, etc., the difference between amount paid and the agreed rental price to be refunded to the Abrazonine Co. at that time.

"Yours very truly,

"THE OHIO CERAMIC ENGINEERING COMPANY,

"FRANK H. ROBINSON, *President.*"

"CLEVELAND, OHIO, April 26, 1906.
"OHIO CERAMIC ENGINEERING CO.,
    "City.
    "*Gentlemen*: Referring to proposition which you made our Mr. John Kline under date of April 20th and amended today we hereby desire to confirm the verbal acceptance given you by the writer today. Kindly consign the press, together with the seven barrels of our material at your works to us at Wickliffe, Ohio, via Lake Shore & Michigan Southern R. R. It is important that shipment be made at the earliest possible moment and we trust that same will go forward not later than Saturday, Apr. 28.
                "Yours very truly,
                    "THE ABRAZÓNINE COMPANY,
                            "F. L. HURST,
                        "*Pres. & Gen. Mgr.*"

The press contemplated by this correspondence was delivered as therein provided. It has neither been paid for nor returned to the defendant in error. But the contention of plaintiff in error is that the parol evidence offered to show what is meant by the "agreed rental price" mentioned in the correspondence, and otherwise to show a different contract than the correspondence itself would indicate, is admissible to explain the transactions of the parties and that the construction of the contract as thus evidenced was for the jury. It suffices to say that we do not endorse this view. The contract seems to us to be perfectly plain on its face and to need no other construction than such as the court gave it in the charge to the jury. Nor do we think that the result could be properly varied by the evidence sought to be offered by the defendant below to show that the plaintiff below extended the time within which the option to return might be exercised, and that it actually exercised dominion over the press equivalent to a return and acceptance thereof. The evidence was relevant enough, but it amounted to nothing, being hearsay or otherwise inconclusive.

On the question of the admissibility of the receiver's original answer, and of the affidavit by counsel for defendant below, in support of a motion for continuance, as containing admissions by the receiver of the defendant company as to its corporate capacity, and by its attorney as to the name and identity of its

president, it suffices to say that the following authorities seem to establish the competency of this precise sort of evidence, as of admissions against interest:    *Fort Wayne Coal & Iron Co.* v. *Webster,* 163 Mass., 134, 137; *Bosworth* v. *Terminal Railroad Co. of St. Louis,* 174 U. S., 182, 189; *W. Scott & Co.* v. *Woodward,* 88 S. W., 406; *Fidelity & Casualty Co.,* 69 S. W., 915; *H. E. W. T. R. Co.* v. *DeWalt,* 70 South Western, 537.

From these it appears not only that admissions of counsel in pleadings, motions, affidavits or other papers filed in the same cause are admissible against their clients if made within the scope of their authority, and are admissible in evidence in the same case, but also that where a receiver acting in the course and within the scope of the official duty makes an admission against the interest of the estate in his custody, it is bindng upon the estate and its owner.    The authority of an attorney at least is, we think, to be presumed from his appearance as such in a case until the contrary affirmatively appears, and when it is the duty of a receiver to defend an action brought against a corporation or natural person, of whose estate ·he has been appointed the receiver, he represents the defendant fully for the purpose of the action.

We find no error in the record and the judgment is affirmed.