Carmen JACAMAN, Co-Executrix of the Estate of M. S. Jacaman, Deceased, Appellant,

v.

FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC., and Western Fire Insurance Company, Appellees.

No. 14504.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 9, 1966.

Rehearing Denied Dec. 7, 1966.

Second Rehearing Denied Dec. 30, 1966.

Mann, Castillon, Freen & Kazen, R. J. Goodman, Laredo, for appellant.

Richard C. Keene, Beckmann, Stanard, Wood & Vance, San Antonio, Jacob G. Hornberger, Laredo, Groce, Hebdon, Fahey & Smith, Damon Ball, San Antonio, for appellees.

MURRAY, Chief Justice.

This is a suit by Carmen Jacaman, Co-Executrix of the Estate of M. S. Jacaman, Deceased, upon two fire insurance policies executed respectively by Fidelity and Guaranty Insurance Underwriters, Inc., and Western Fire Insurance Company, covering the "contents" of La Popular Store, while located in a two-story metal-roof building located at 415–417 Convent Avenue, Laredo, Texas. One of the policies was in the sum of $5,000 and the other in the sum of $10,000.

The "contents" of the La Popular Store were removed to another building, some three or four blocks away, known as the Frontier Shop. Both stores were owned and operated by the Jacaman family. After the contents were removed, the La Popular Store was completely closed. The contents of the Frontier Shop were destroyed by fire, including the merchandise which had been moved there from the La Popular Store. The insurance companies refused to pay for the damage and this suit followed.

Both policies contained the following provision: "Unless otherwise provided, insurance on personal property shall cover only while in the described building." The property had been removed from the described building and under the provisions of the policies there was no coverage.

To overcome this situation, it was contended by the Jacamans that R. E. Laurel, alleged recording agent for the two insurance companies, had been informed, and otherwise knew, of the fact that the La Popular Store had been vacated and its contents moved to the Frontier Shop, owned and operated by the Jacamans, and that Laurel did not tell the Jacaman family that they had breached the terms of the fire insurance policies, and never advised them that there was no longer any coverage under these policies. Further, that neither Laurel nor the insurance companies made any offer to return the unearned premiums on these policies to the Jacamans before the fire.

The trial was to a jury and resulted in an instructed verdict in favor of the insurance companies and Carmen Jacaman, Co-Executrix of the Estate of M. S. Jacaman, Deceased, has prosecuted this appeal.

Appellant's first point is as follows:

"THE TRIAL COURT ERRED IN INSTRUCTING A VERDICT FOR THE APPELLEE INSURANCE COMPANIES BECAUSE THERE WAS EVIDENCE OF PROBATIVE FORCE IN THE RECORD TO RAISE THE ISSUE OF WAIVER AS TO THE CHANGE OF LOCATION OF THE INSURED PROPERTY."

■ The exact contention is that R. E. Laurel as local agent for the insurance companies had, by his words and conduct, waived the removal of the dry goods from the La Popular Store to the Frontier Shop. There is nothing in the record to show that at the time the goods were removed from the La Popular Store, or at the time the Frontier Shop was destroyed by fire, that Laurel was the agent of appellees. The burden of proof was upon appellant to show the agency of Laurel, which burden she has not met.

■ The record does show that there was some testimony heard, in the absence of the jury, on a question of whether or not Laurel as a third party defendant was to be given six peremptory challenges in addition to the challenge given to the insurance companies, but this testimony was never presented to the jury and could not have been considered by them. Neither could this evidence be considered by the court in passing on the motion for an instructed verdict. This evidence tended to show the agency of Laurel for the insurance companies, but as this evidence could not be considered by the trial court, it cannot be considered by this Court.

■ These policies were issued through the Laurel Insurance Agency of Laredo, Texas, in October, 1958, but this does **not**

establish the fact that five years later, at the time of the fire, Laurel was the agent of appellees.

It matters not what Laurel may or may not have said to the Jacaman family in 1963, unless he was at that time the agent of appellees with authority to waive a provision in the insurance policies that there would be no coverage unless the dry goods were in the building occupied by the La Popular Store.

 The appellant having rested without offering evidence sufficient to establish that Laurel was the agent of appellees in 1963, with authority to change the terms of the policies, there is no possible waiver shown. The trial court properly instructed a verdict for appellees.

 Appellant's second point is that the trial court erred in granting six peremptory challenges to the third-party defendant, Agent Laurel. As the trial resulted in an instructed verdict and was never submitted to the jury, this point is moot and is overruled.

The judgment is affirmed.

On Motion for Rehearing.

 Appellant in her motion for a rehearing contends that appellees have judicially admitted that R. E. Laurel was their agent in their motion to consolidate Causes No. 22,661 and No. 22,662. This was a motion directed to the discretion of the trial judge and was not a live pleading to be read to the jury. If appellant wanted this motion considered by the jury she should have introduced it in evidence. In W. Scott & Co. v. Woodard, 39 Tex.Civ.App. 498, 88 S.W. 406, a case strongly relied upon by appellant, the Court had this to say:

"There was no error in allowing appellee to introduce in evidence the application for continuance made by the appellants through their attorney, since it contained an admission which contra-

dicted the testimony of each of them on the trial."

Here the motion to consolidate the two causes was not offered in evidence.

The evidence does not show that R. E. Laurel was an agent of appellees with authority to orally waive a provision of the insurance policy.

Appellant's motion for a rehearing is in all things overruled.