OPINION
Plaintiffs, Johnny and Lisa Williams, husband and wife, are appealing from the order of the Clark County Municipal Court referring their claims against the defendants to arbitration, pursuant to a clause in a contract the Williams claim to had been breached by the defendants which states: "All disputes hereunder shall be resolved by binding arbitration in accordance with the rules of the American Arbitration Association."
The decision of the trial court to stay the trial and refer the matter to arbitration is a final appealable order. R.C. 2711.02.
The Williams bring the following sole assignment of error:
 THE COURT ERRED IN REFERRING THE MATTER TO ARBITRATION UPON A CONTRACT CLAUSE CONTAINED IN A SERIES OF CONTRACTS WITHOUT FIRST DETERMINING IF THE SUBJECT CONTRACTS WERE LEGAL AND ENFORCEABLE.
 Under this assignment, the Williams first argue that they "believe that they were never a party to a legally binding contract that would subject them to the arbitration clause." Appellants' brief, 4. They argue that the defendants violated the Consumer Sales Practice Act, which is not a part of the contract. Secondly, they argue that the contract was subject to contingencies, and therefore, never went into effect. Finally, they state that there were certain legal deficiencies in the "purported agreements." Appellants' brief, 6.
As the appellees point out, however, the Williams filed suit to enforce the contract claiming a breach by the defendants and asked the court to "specifically enforce the original contract between the parties." (Complaint, 6). Nowhere in their complaint do the Williams complain that the contract is void, voidable, or unenforceable. Quite the contrary, they are seeking the enforcement of the very agreement they now complain of on appeal as being unenforceable. The statements in their complaint are judicial admissions, and they cannot now be heard to argue otherwise. Williams v. Williams (Apr. 24, 1998), Greene App. No. 97 CA 102, unreported; State v. Rowland (Aug. 8, 1997), Greene App. No. 96 CA 135, unreported; State v. Pipkins (Feb. 9, 1996), Montgomery App. No. 15060, unreported; Abrazonine Co. v. Engineering Co. (1910), 17 Ohio C.C. (N.S.) 209; Bosworth v. Terminal R.D. Association (1899),174 U.S. 182, 189.
The decision of the trial court is further buttressed by the universally accepted public policy in Ohio that favors and encourages the arbitration of disputes. See, e.g., Dayton Teacher's Association v.Dayton Board of Education (1975), 41 Ohio St.2d 127, 132-133. Furthermore, it has been held that any dispute concerning whether a particular issue is covered under an arbitration provision should be resolved in the favor of the coverage; i.e, arbitration provisions should be interpreted in a broad manner. Grcar v. Lanmark Homes, Inc. (June 12, 1992), Lake App. No. 91-L-128, unreported. In short, we find that the issues raised by the appellants in their complaint are subject to the arbitration clause in the contract they have sought to enforce.
The assignment of error is overruled, and the judgment is affirmed.
BROGAN, J. and GRADY, J., concur.
 _____________ Young, J.,